UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-00563-SSS-SPx | Date | May 30, 2024 |
|---|---|---|---|
| Title | *Alejandra Byrd v. Pentagon Federal Credit Union* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

    Plaintiff Alejandra Byrd sues Defendant Pentagon Federal Credit Union alleging it violated California's Consumer Credit Reporting Agencies Act. [*See generally* Dkt. 1, Compl.]. Byrd obtained an automobile loan from Pentagon Federal. She alleges that when she tried to make a payment, Pentagon Federal's website required a text message verification to allow her to access her account. Byrd alleges Pentagon Federal sent the message to a number that was no longer active. Pentagon Federal told her to provide a phone record to receive the verification text to her new number, but she could not do so before her loan payment was due. As a result, she did not make a timely payment. Pentagon Federal allegedly reported Byrd's delinquent payment to the credit bureaus. [*Id.* ¶ 29]. Because of Pentagon Federal's conduct, Byrd alleges her credit report now reflects a lower credit score. [*Id.* ¶¶ 30–31]. She alleges "she wanted to start a business as a seller through Amazon," [*id.* ¶ 37], but "could not obtain a business loan because of the derogatory information," [*id.* ¶ 38]. Byrd also alleges that she wanted to expand her Airbnb business to a second property because of her low credit score. [*Id.* ¶¶ 39–40]. Byrd thus alleges that as a result of Pentagon Federal's "inaccurate credit reporting," she suffered damages from (1) the money she lost by attempting to fix her credit, (2) her loss of time, (3) the loss of credit

opportunities, (4) her mental anguish, stress, aggravation, and other related impairments to the enjoyment of life, and (5) "[a]ll conditions precedent to the filing of this action have occurred."[1]  [*Id.* ¶ 44(a)–(e)].  In her prayer for relief, Byrd seeks unspecified amounts of actual damages, attorneys' fees, and punitive damages.  [*Id.* at 7].  She also seeks equitable and injunctive relief.  [*Id.* at 8].  Byrd alleges diversity jurisdiction exists, in relevant part, because "the amount in controversy exceeds $75,000.00 [sic]."  [*Id.* ¶ 9].

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  This amount is generally determined from the face of the pleadings. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).  Conclusory allegations of the amount in controversy are insufficient to invoke diversity jurisdiction.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003).  The party who invokes jurisdiction bears the burden of demonstrating its existence.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, the Court is skeptical Byrd adequately alleges the amount in controversy exceeds $75,000.  Apart from the single conclusory allegation that the "amount in controversy exceeds $75.000.00", [Compl. ¶ 9], there are no allegations that would support that the relief she seeks would exceed the jurisdictional threshold.  Accordingly, Byrd is **ORDERED TO SHOW CAUSE** in writing why this case should not be dismissed for lack of subject matter jurisdiction.  The written response must not exceed 15 pages and is due by **June 14, 2024**.  Pentagon Federal may file a responsive brief.  That brief must not exceed 10 pages and is **due June 21, 2024**.  A hearing on this matter is set for **June 28, 2024**, at 1:00 p.m., via Zoom videoconference.

//
//
//

---

[1] The Court does not understand what this statement means.

    Because this Court has a duty on its own to ensure it possesses jurisdiction over the subject matter of this case before reaching the merits, *Ruhrgas AG v. Marathon Oil, Co.*, 526 U.S. 574, 577, 583 (1999), the Court **DENIES WITHOUT PREJUDICE** Pentagon Federal's pending motion to dismiss. [Dkt. 15]. If the Court concludes that it has subject matter jurisdiction, it will issue a subsequent order setting a deadline by which Federal Pentagon may either refile the motion to dismiss or file a responsive pleading.

    **IT IS SO ORDERED.**